**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZHIGUANG LIANG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-71857

Agency No. A089-803-358

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2020**
Pasadena, California

Before:  M. SMITH and LEE, Circuit Judges, and CARDONE,*** District Judge.

Zhiguang Liang, a native and citizen of China, petitions for review of the
Board of Immigration Appeal's decision affirming an Immigration Judge's denial of
asylum, withholding of removal, and relief under the Convention Against Torture
(CAT).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).
***        The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

We review the denial of asylum, withholding of removal, and CAT relief for substantial evidence. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). Under this standard, we may grant Liang's petition only if "the evidence not only *supports* a contrary conclusion, but *compels* it." *Id.* (citation omitted).

Substantial evidence supports the BIA's decision to affirm the Immigration Judge's adverse credibility determination, which was based on numerous inconsistencies and implausible statements throughout Liang's testimony. These testimonial deficiencies, which find support in the record, undermine Liang's core claim that he was persecuted for practicing Christianity in China. *See Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."); *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (repeated inconsistencies, "particularly when viewed cumulatively, deprive [a petitioner's] claim of the requisite 'ring of truth'") (quoting *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005)).

In the absence of his discredited testimony, the record lacks sufficient evidence for Liang to establish that: (1) he "has suffered past persecution or has a well-founded fear of future persecution," *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006); (2) "it is more likely than not that he would be subject to persecution on one of the specified grounds" for withholding of removal, *id.* at 1190 (citation

omitted); or (3) "it is more likely than not that he [ ] would be tortured if removed to the proposed country of removal," *Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011) (citation omitted). The BIA thus did not err in affirming the denial of asylum, withholding of removal, and CAT relief.

**DENIED.**